Taxes; income tax; exempt organisations; cemetery association. — On June 25, 1976 the court entered the following order;
Before Cowest, Chief Judge, SeeltoN and Kashiwa, Judges.
“The plaintiff, Endowment Care Trust Fund of Inglewood Park Cemetery Association Board of Trustees, has filed four separate suits, which have been consolidated, for the refund of federal income taxes totaling $386,803.15 for the calendar years 1961, 1962, 1964, and 1965. The main issue concerns whether the plaintiff Trust Fund is exempt from taxation under the Internal Revenue Code of 1954. The case is before us on defendant’s motion for summary judgment.
“Taxpayer is the Board of Trustees of the Endowment Care Trust Fund of the Inglewood Park Cemetery Association (the Trust Fund). The Trust Fund was created in 1953 to provide for the care, maintenance, and embellishment of the Inglewood Park Cemetery in accordance with the provisions of the Health and Safety Code of the State of California.
“The Inglewood Park Cemetery, located in Inglewood, California, consists of 285 acres Of land, of which 235 acres have been subdivided and either sold as gravesites or made available for sale. The cemetery is owned and operated by the Inglewood Park Cemetery Association (the Cemetery Association) , a California corporation operated for profit.
“As part of its operations, the Cemetery Association sold burial lots and crypts, operated a crematory, provided interment services, sold niches (small enclosures for the per *724 manent storage of cremated remains), and provided for, supervised, and performed the general care, services, and maintenance of the cemetery. During the Association’s fiscal years, ■ending during the periods in issue, approximately $600,000 •per year was expended for these purposes. .
“Under the terms of the trust, the fund was administered' by a Board of Trustees appointed by the Board of Directors, of the Cemetery Association. The trustees could be removed , at any time for any reason by the Board of Directors of the, Cemetery Association. During the periods in issue, either one-, or all three members of the Board of Trustees were also members of the Board of Directors of the Cemetery Association., The Trust Fund had no employees other than the trustees.. All clerical and bookkeeping work was performed by full-"time employees of the' Cemetery Association. The primary source of monies received by the Trust Fund was a-portion of all proceeds from the sale of cemetery lots, niches, and crypts by the Cemetery Association.
“Under a'1957 contract between the Cemetery Association 'and the Trust Fund, 99 percent of the net income of the Trust Fund .was turned over to the Association each month for the care of the cemetery. The funds transferred were commingled with other funds of the Association. During the-years in issue, from $158,572 to $851,456 annually was turned' over to the Association by the Trust Fund for maintenance.,
“The principal issue in this case is ■ whether- the Trust, Fund is exempt from the federal income tax as a charitable ■organization (Section'501(c) (3) of the I.B..C. of 1954), a social welfare organization (Section 501(c) (4)), or a non■profit cemetery company (Section 501(c) (13)). From the. foregoing facts, it is plain that the Trust Fund is-merely an adjunct of the cemetery Association, and as such, must-share its nonexempt status.
“This court- has recognized that where one organization, provides a service which is necessary to the operation of a second organization, the first will take on the tax status of' the second. In the recent case of Trustees of Grassland Cemetery v. United States, 206 Ct. Cl. 609, 515 F. 2d 763 (1975), "exempt status was denied to a cemetery perpetual care fund "because the cemetery' which received the money from the. *725 perpetual care fund was operated for profit. That case is directly in point and is cpntrolling here. As we stated in the Graceland case: .
* * * [PJlaintifi’s primary function was providing funds for the Cemetery Company’s activities in maintaining the cemetery, which the Company would have paid for out of its own revenue in any case; thus the plaintiff must be considered -an adjunct organization* * *. [Id. at 625, 515 F. 2d at 772.]
There are no factual differences between Graceland and the present' case which would assist the taxpayer. Accordingly, the rule applied in the Graceland case — that a cemetery care fund operated in connection with a for-profit cemetery cannot :be exempt from the federal income tax — requires that the claim for exemption be denied.
“it is therefoRE ordered that the defendant’s motion for summary judgment is granted and the plaintiff’s petitions áre dismissed.”
Plaintiff’s motion to set aside the order and for a new trial was denied October 6,1976.